```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                     JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                              Case No. 3:07-cr-90-J-33HTS

RICHARD STANDRIDGE

_____/

### ORDER

This cause comes before the Court pursuant to two government motions relating to the government's civil seizure of $397,084.63 from a bank account belonging to Standridge.  On August 1, 2007, the government filed the United States' Motion for Order to Continue to Maintain Custody of Property Pursuant to 21 U.S.C. § 853(e) (Doc. # 98).  On August 24, 2007, the government filed United States' Expedited Motion to Consolidate Related Actions Pending in Two Separate Districts (Doc. # 107).  Standridge has filed responses to both government motions.  For the reasons that follow, the Court grants the government's motion to maintain custody of property and denies the government's motion to consolidate related actions.

### I.  Background

On April 12, 2007, Standridge was named in a multi-count indictment alleging that he played a role in a conspiracy to defraud various companies by providing fraudulent workers' compensation insurance to their employees.  The indictment included

1

allegations that certain of Standridge's assets are subject to forfeiture. On May 29, the government obtained a civil seizure warrant authorizing it to seize the contents of one of Standridge's bank accounts. The government thereafter seized approximately $397,084.63 from the account. On June 26, Standridge submitted a claim demanding the return of the seized funds. On July 12, the government informed Standridge that it would not return the funds and instead intended to pursue criminal forfeiture of the funds. On July 31, Standridge filed a motion under Rule 41(g), Federal Rules of Criminal Procedure, demanding the return of the funds. Standridge filed his Rule 41(g) motion in the U.S. District Court for the District of Arizona.

**II. The Government's Motion to Consolidate**

Title 18 U.S.C. § 981(b)(3) provides that a motion for return of property must be filed "in the district court in which the seizure warrant was issued or in the district court for the district in which the property was seized." 18 U.S.C. § 981(b)(3). In addition, Rule 41(g) requires that a motion for the return of seized property be filed in the district where the property was seized. Fed. R. Crim. P. 41(g). In its motion to consolidate related actions, the government states its position that Standridge's funds were seized in Jacksonville. (Doc. # 107, at 3-4.) Accordingly, the government argues, Standridge's motion was required to be filed in this Court. (Doc. # 107, at 1.) Indeed,

if the funds were seized in Jacksonville, Rule 41(g) and § 981(b)(3) would require that Standridge's motion be filed in this district.

Standridge, however, argues that the funds were seized in Arizona, and that his motion was required to be filed there. (Doc. # 110, at 7.) This argument appears to overlook § 981(b)(3), which would allow Standridge to file his motion in this Court irrespective of where the seizure took place.

Even if the seizure unquestionably took place in Jacksonville, however, it is for the Arizona court to decide whether Standridge's motion was improperly filed in Arizona. This Court is unaware of any authority under which it could direct the transfer of Standridge's Rule 41(g) motion. Perhaps recognizing that such authority does not exist, the government requests that this Court "communicate with the United States District Court in Phoenix to facilitate the transfer or refiling of [Standridge's] [Rule 41(g)] motion in this District." (Doc. # 107, at 8.) It is unclear exactly what the government would have this Court do, and the Court declines to suggest to the Arizona Court how that Court should decide the question of where Standridge's Rule 41(g) motion should have been filed.

Additionally, the government makes a compelling argument that judicial resources would be conserved if this Court decided Standridge's Rule 41(g) motion. (Doc. # 107, at 7-8.) While it is

3

clear that judicial resources would be conserved if this Court decided Standridge's motion, this Court declines to suggest to the Arizona Court that it transfer the motion.  This Court would be receptive, however, if the Arizona Court is inclined to transfer Standridge's motion.

**III. The Government's Motion to Maintain Custody of Property**

The government requests an order preserving its right to maintain custody of the funds through the conclusion of the pending criminal case such as to satisfy the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).  (Doc. # 98, at 4.)  Under § 983(a)(3), the government may maintain custody of property if it both obtains a criminal indictment containing an allegation that the property is subject to forfeiture, and takes steps necessary to preserve its right to maintain custody of the property under the applicable criminal forfeiture statute.  In re 2000 White Mercedes, 220 F. Supp. 2d 1322, 1324 (M.D. Fla. 2001).  Where the government already has custody of the property, the government can discharge its obligation by pursuing an order preserving the availability of the property for forfeiture.  See id. at 1329.  The government must take the necessary steps within ninety days after a claim to the property has been filed.  18 U.S.C. § 983(a)(3).  If it fails to do so, the government must release the property "and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense."  18 U.S.C. § 983(a)(3)(B).

In his response to the government's motion, Standridge suggests that this Court defer ruling on the government's motion until after the Arizona court decides Standridge's Rule 41(g) motion. (Doc. # 99, at 1.) Standridge then articulates two arguments raised in his Rule 41(g) motion. Standridge first argues that the funds could not be civilly seized or restrained pretrial because the funds were not substantially connected to the criminal offenses with which Standridge is charged. (Doc. # 99, at 3-4.) The funds lack such a connection to criminality, Standridge submits, because they represented refunds of federal and state tax overpayments.

Standridge's argument overlooks the fact that when Magistrate Judge Richardson issued the civil seizure warrant, he determined that there was probable cause to believe the funds were the proceeds of criminal conduct. The affidavit on which the warrant was based did not rely at all on the theory that the funds at issue were substitute assets. Instead, the affidavit stated that the affiant believed the funds constituted, or were derived from, the proceeds of the charged criminal activity. (Doc. # 107-3, at 41, 42.) Indeed, the affidavit concluded that the affiant believed Standridge had overpaid his taxes with the proceeds of crime. (Doc. # 107-3, at 42.) Accordingly, refunds of these overpayments are traceable to the criminal proceeds. (Doc. # 107-3, at 42.) Moreover, the affiant theorized that the funds were themselves

involved in money laundering transactions "inasmuch as the transfers to the IRS were monetary transactions in criminally derived property that was of a value greater than $10,000." (Doc. # 107-3, at 42-43.)

Standridge second argues that the government failed to comply with 18 U.S.C. § 983(a)(1)(A)(iii). That provision requires that the government take certain actions within sixty days of the seizure of property in a nonjudicial forfeiture proceeding. This argument is without merit because the seizure in this case was from the outset part of a <u>judicial</u> proceeding.

In any case, it is not necessary for the Court to decide the questions raised by Standridge's arguments. Standridge does not contend that this Court may not enter an order preserving the availability of the funds for forfeiture. Instead, Standridge merely suggests that the Court defer ruling on the government's motion until after the Arizona court has decided Standridge's Rule 41(g) motion. The Court declines that suggestion, and instead enters this Order preserving the availability of the funds for forfeiture.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The United States' Motion for Order to Continue to Maintain Custody of Property Pursuant to 21 U.S.C. § 853(e) (Doc. # 98) is **GRANTED**. The government shall preserve the funds as

stated in its motion at pages 3-4 until the government obtains a final judgment of forfeiture or is ordered to release the funds to a claimant.

2. The United States' Expedited Motion to Consolidate Related Actions Pending in Two Separate Districts (Doc. # 107) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 5th day of September 2007.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　VIRGINIA M. HERNANDEZ COVINGTON
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record